Our next case is Hope v. Cartledge. Mr. Kasdan? I mispronounced your name. I apologize. No, you got it. Good to have you here, sir. Thank you, Your Honor. Good morning. May it please the Court. The only issue in this case is whether Mr. Hope was prejudiced by his attorney's failure to request an alibi instruction. Deficiency has been conceded. Mr. Hope is serving a 30-year sentence based on the testimony of... Are we bound by that concession? I was looking up in the air, musing again. Are we bound by that concession that he contravened the First Promise Strickland? I'm not sure, Your Honor. You're not sure? Well, you said we are. You said he's conceded it. They've conceded it. That's correct. They've conceded it. This is up the red brief. I'm right, but I just wondered if we're bound by it. I mean, I've seen a lot of these lawyers make a lot of decisions at trials by the seat of their pants. It's not necessarily all of them are Sixth Amendment violations. No, that's correct. I meant that they conceded even on appeal. I know. I know. I've read it all. I know. But if you were to review it, it would be de novo then under... It might be worse. Under Bromfield. But anyway, go ahead. You're focusing on prejudice problems. Yes, but I can try to talk about deficiency, too, if you would like, Your Honor. If you want a few words on deficiency. It seems in the ADA model criminal rules say that it's important to preserve issues and to make sure that the jury understands, and largely the issues will overlap with the prejudice prong, which is that alibi instructions are helpful to juries, and as this Court explained in Locke and the Supreme Court has explained, if the attorney doesn't have any reason for not requesting an instruction, then that's likely good evidence. Well, he might have a reason. Instinct. Trial tactics. But he said he didn't. I know that's what he said. I know that's what he said. And a lot of lawyers at that stage, they still recognize that they have an obligation to their client. I still recognize they have an obligation to their client. That's their client. That's correct, Your Honor. And they're willing to dive on their sword. But there were a lot of other issues in the PCR hearing where he was not willing to... For example, when they asked him why he didn't object to certain questionable remarks about the relationships of the various witnesses, he said, I don't like to object at closing. He wasn't just willing to roll over for every issue. This was the only one where he said, yeah, I believe I should have made such an objection. We should have made a request for an alibi instruction. Yeah, and it seems that... And this Court has sometimes paid at least some deference to what... Because the deficiency prong is subjective, if he doesn't really have a reason, and he never articulated why it would be helpful in a case where the only issue is alibi, not to tell the jury, this is an alibi case, this is how you evaluate alibi. It seems like that would be enough to suggest that it would be... Both lawyers were arguing about alibi. Yes, Your Honor, although the only time the word alibi came in... The witnesses were directly against one another. For sure, Your Honor. They had the two birds that were telling on him. The question is, did the jury understand... Because he had four or five witnesses that gave him the alibi. That's correct, Your Honor. The question is, did the jury... So the jury heard the alibi testimony, I don't deny that. The question is, did the jury understand what to do with it? What do you do when I'm presenting one side of a story? Now, typically the state will say, you did it, and then the defendant will say, I didn't do it. The court instructed him how many times on reasonable doubt? Many, many times on reasonable doubt. Many, many times. And on burden of proof. That's correct, Your Honor. But the court never told them the point which multiple courts have said is confusing, which is that that even applies to disproving, to proving a negative, to proving that he wasn't at home. And, you know, this court in Hicks said it's almost constitutional error, for example, to deny such an instruction when requested because it could be confusing. Burse, the Second Circuit, said similarly that... Well, normally you look at a ruling on an instruction request on direct appeal,  but for direct appeal, a reviewing court would look at it as a discretionary call. That's right. And here we're not even on direct appeal. We're a federal court reviewing a state court trial under ENPA requirements, which gives deference to the state court ruling. In South Carolina, though, there wouldn't be discretion. As the government admits, it would have been a reversible error if trial counsel had requested an alibi instruction. It would have been a reversible error to deny one. So that part, that he would have gotten an instruction, is clear from the record. And I think the government admits as much that had it been requested, he would have gotten it. The only question now is what the effect would have been of that instruction. But I have a question. Yes, Your Honor. But Judge King, I think, is on a very good line of questioning. And our question is not whether or not there was a mistake in jury instruction, which would be handled on direct appeal by the courts of South Carolina. But our view is whether it was a reasonable determination that there was no prejudice in this case. And so don't you concede, maybe you won't, but it seems to me you need to think about this, that there could be a case where there was an omitted jury instruction, one specific instruction, but yet the jury instruction generally, which we always say we looked at generally, together, altogether, might not lead to prejudice? Isn't that possible? Absolutely, it's possible. As a matter of law, for sure. For example, the easiest cases would be if the facts here were one-sided, then I think it would be easy to say, yeah, it was. The facts here aren't one-sided, but the facts here are absolutely mutually exclusive, aren't they? That's correct, Your Honor. And how is it, then, for our question of review, sort of double deferential, but deferential review on the question of prejudice, why is the fact that these facts, the two versions of them, and how the government had the burden of proof, how does that not lead to there is no prejudice in this case? So, Your Honor, this is true for every alibi, I assume we agree. No, it's not. That's not correct. That's not correct, at least not what is offered as alibi, because sometimes alibi evidence, you can have a case, and quite frankly, I've had them. Somebody said, I was at the party with Billy from 6 in the afternoon until 12 o'clock at night, and the bank was robbed, or somebody was hit by a car, whatever, at 11 p.m. That's an alibi, isn't it? Yes, Your Honor. But that alibi sometimes questions, did you see Billy every minute? Were you with him every minute? And sometimes in that alibi, there's at least the possibility the two versions of the facts could fit together. But in this case, either he was there at the time the thing was committed, or he was in the presence of one of those alibi testifiers, right? That's correct, Your Honor. Yes. I guess that's right, but if they're mutually exclusive, then that makes it very difficult to show prejudice. So the way I see it is there's been so much confusion historically about this point, of whether if you give a general reasonable doubt instruction, you could still say that the defendant has the burden of proving where he was. That even though you're correct that logically these two are mutually exclusive, and logically, which is why constitutionally a statement that alibis an affirmative defense is problematic constitutionally because it would take away the government's burden of reasonable doubt. The question of what to do with two stories isn't always so easy, even though you're right. Logically, it would be correct. And if the panel were 12 judges, I agree they would probably have figured out what to do with the reasonable doubt. But I just think that in alibi, we know there's so much confusion that it doesn't – that you're correct that logically they should have been able to get it, but that doesn't mean that logically they did, or it doesn't even mean that it's likely that they did. I think there's a reasonable probability that they were thinking, well, the state has put on its prima facie case, the state has done what they've done. Doesn't the fact that there was a, he said, he said, split in this case, with some pretty weak evidence from the prosecution, highlight the fact that that instruction would have been very important to the defense, and therefore prejudice? Thank you, Your Honor. Yes, that's exactly right. And I think that the Supreme Court in Taylor said, in a swearing contest, you have to be very precise with alibi instructions. So there, for example, the Supreme Court said, presumption of innocence and beyond reasonable doubt are connected ideas. But still, even though they're logically connected, juries, we don't think will understand them. And in this case, the Supreme Court said, which was a swearing contest, they said, we want to make sure every instruction is there. We want the jury to understand clearly. And here, as Judge Thacker said, the case was, this government's evidence is troubling. There's always, the real evidence is the testimony of two criminals who were covering favor with the government, undoubtedly. And that on its own doesn't mean it's nothing. I always thought that was pretty good evidence. And the direct evidence of the participants, I mean, you had two of them here, that took their medicine and said, this is the guy that was helping us out. That is evidence. I don't characterize that as weak evidence. I characterize it as pretty compelling. Now, you had a swearing match because the girlfriend and the friends all were saying, no, he was at home in bed. But that's what they call a swearing match. That's exactly right. So in swearing contests. It's a credibility case. It's a credibility case. You believe one side or you believe the other. That's correct, Your Honor. But in a swearing defense law, you chose to argue it. Yes, I agree with all that, Your Honor. But in a swearing contest, the most critical question is not just does the jury decide who they believe. And the judge told them, you said, and I say multiple times, they've got to prove it beyond a reasonable doubt. The burden of proof is on the government. He's presumed to be innocent. That's correct. But it's just such a confusing concept when you have two stories to not just say that the government has to prove its case when it rested beyond a reasonable doubt, but that then once the other evidence comes in, that's not a new question of now do we have enough evidence to, do we believe by preponderance or by some other standard Mr. Hope's evidence. The real question is what the jury has to understand is what they're actually still analyzing is the government's original case. And that's not so trivial. And we know it's not so trivial. Courts have said it's not so trivial. South Carolina has an alibi instruction precisely because it's not so trivial. And that's why it's reversible error. And we know courts and many of the case laws replete with examples where this gets confused. So to me, I agree with you that it's a swearing contest and it went to the jury. But the question is when the jury made its credibility determination, was it making the correct credibility determination? And you think what? How do you think this went? You think because the instruction wasn't given, the jury sat there and said, man, we believe those alibi witnesses, but we just can't find for this guy. If they had believed those alibi witnesses, they would not have convicted this man no matter what the charge was. Do you think? No. So I think I think there's a middle ground there, which is we're not sure we believe those the alibi witnesses. Maybe. Now, if they've been instructed, they may be like, we have a reasonable doubt about this question. But no, no, no, no, no, no. Those jurors are sitting there. They've heard the prosecution's facts. They've heard the alibi. If they believe, by the way, in part of the charge, I don't know if I've seen it here, but that's almost always is. You can believe any witness, anything they say, all of it, none of it. If they had believed the testimony of his friends and his girlfriend, that he was it could not be at the scene of the crime. They would have convicted only because they didn't get the alibi charge. That's what your argument is. But you say if they believe, and I just I want to nuance that point. There's different levels of belief, right? There's belief by a beyond reasonable doubt. There's belief by a preponderance. And there's belief that it raises a reasonable doubt. And I think that may just say this. No, it's none of that. If they believe those witnesses will tell him the truth. And if they believe them, he could not have been at that scene, could he? That's correct. So, in other words, you think there's a possibility that these jurors thought those people were telling the truth. He was not at that scene. We believe him. He was not at that scene. But we didn't get a charge, so we had to convict him. No, I'm saying they may have had a reasonable doubt. For example, it's possible they believed by a preponderance of the evidence. If they had a reasonable doubt, they had to have quit him. They were told that multiple times. The question is, did they think the reasonable doubt, did they understand that the reasonable doubt could also apply just to the government's disproving the alibi evidence? I see I'm out of time. Go ahead. Answer the questions, and I'll answer any further questions you're asked. Sure. So, the question is, did they, the question is not, sorry, I lost my train of thought. They needed to understand that even if they, when the government first presented its evidence, believed beyond a reasonable doubt that Mr. Hope was guilty, once the new evidence came in, that's not a separate story, even though it's being presented as two different stories. And this is what an alibi instruction does, and this is why the courts like the alibi, insist on the alibi instruction when they request it. They would need to then understand that the alibi is not a separate story. It's all part of the same story, and so the reasonable doubt, even if they think, even if by a preponderance of the evidence, as Judge Shed said, they don't believe the alibi witnesses, but maybe they have a reasonable doubt about the alibi witnesses, and on that point is where the alibi instruction would have taught them what to do. A reasonable doubt which way? A reasonable doubt they're telling the truth, or that they believe they're telling the truth and that creates a reasonable doubt. What is your argument? I apologize, I don't speak at length. My point is, my point is, it strikes me, I've tried a lot of cases. These other judges have been involved in a lot of cases too. The jury, in my opinion, we sometimes lawyers, after the fact, make a lot of claims about what happens, but the jury in this case, they assessed two sets of facts. It's hard for me to believe that had they believed the alibi witnesses, which would have necessarily excluded this defendant from being at the scene of the crime, they would have convicted beyond a reasonable doubt, because they would have found that the government failed to meet its burden of proof. I just don't see how you can get around that, no matter how you talk about alibi witnesses, and I agree, I'm going to ask the South Carolina folks, and I'm sitting in South Carolina, I'm from South Carolina, and that whole alibi charge in South Carolina, what it really means, is kind of confusing. But I just don't see how in this case there can be much of a claim of prejudice. Oh, you can claim there was prejudice, that something that should have been done wasn't done, but that's not prejudice, that's error, that's the first thing you say, well, concede it. I just, you think that you think this jury, seated by the lawyers in this case and the judge, could have believed the alibi witnesses were telling the truth, and they still would have convicted under this charge, just the charge that was given? Again, I take the issue with the word believed, because that sort of, the different burdens that are at play when we say believed is sort of... No, but what effect, show the prejudice, what effect, what's the prejudicial effect? They could have, they might have, they would have, I mean, what do you think would have happened? To me, there's a reasonable probability when you have a swearing contest, and this is sort of the Taylor v. Kentucky, and we also, this court has done this, and Levy Clark and United States v. Luck, when you have a very close case, that if the jury doesn't exactly understand what it is they're deciding, they're deciding something, like in Luck they decided that they trusted the informant, but the point was they didn't think about enough, or it wasn't clear enough to them when they were thinking about what the informant, how you analyze an informant. This court said when there are issues that adhere in a specific context, it's critical that the jury understands what they're deciding, and yes, on some level they believed the story, I agree with that, but the question is, did they believe it beyond a reasonable doubt? Did they believe, and this is where the South Carolina instruction is very important, did they believe that the government had disproven beyond a reasonable doubt Mr. Hope's alibi witnesses? And that's where, that's why we have alibi instructions is because this issue is so confusing. There are no further questions. Oh, I'm sorry. No, no. Thank you very much. You'll have his rebuttal time. Mr. Shadid. Thank you. May it please the court. Excuse me. My name is Al Simon. I'm with the South Carolina office, the South Carolina Attorney General's office, here representing the warden in this case. On behalf of the warden, I would respectfully request that this court affirm the district court's order graining the warden's motion for summary judgment and denying the federal habeas petition in this action. At issue in this case is whether the state post-conviction relief court unreasonably applied federal law when it did not relief upon the claim, Mr. Hope's claim, that his trial attorney was ineffective and not requesting an alibi instruction. We believe that in looking further into the issue, it really comes down to whether it was an unreasonable application of federal law for the PCR court to decide, but whether it was unreasonably applied federal law in finding that Mr. Hope failed to establish that he was prejudiced by a trial counsel's error in not requesting an alibi instruction. We believe that the decision by the post-conviction relief court was a reasonable application of federal law. You apply the proper standard in looking at Strickland, and when you look at the decision of the post-conviction relief court, in light of the deference that is given under the EPA and under Strickland, the decision of the post-conviction relief court was reasonable. If you look at the order that was filed by the PCR court, it starts out by noting that it agreed that trial counsel was deficient in not requesting the instruction. It then goes on to look at the jury instruction that was given, and after looking at the instruction and going in great detail quoting from the instruction, it found that in light of the instruction that was given, the defendant was not prejudiced because it was clear. Why does South Carolina then require an alibi instruction or its reversible error if it's requested? If there's no point to it, they have the reasonable doubt instruction repeatedly. I would say it's to ensure that when there is a case where alibi is a defense, that the jury has a full understanding of who has the burden of proof. All right, and here alibi was the defense, and I think you just said without it, the jury doesn't have a full understanding of who has the burden of proof. So why isn't that error and prejudicial in a swearing contest? First, I don't believe that in this particular case it was not error because the jury did have a full understanding. They were provided with instructions that placed all the burden of proof on the state. They didn't have a full understanding of the alibi defense. Well, they weren't instructed that. That's not burden of proof. That's burden of disproof. I would disagree, Your Honor. I believe that in looking at what the alibi instruction goes to, it goes to ensure that the jury understands it's the state's burden of proof when there's alibi evidence presented, the state's burden of proof to establish that the defendant was the one who committed the crime. So without it, the jury in this case did not understand it. I would disagree. You've said it like three times now that the alibi defense is so that the jury will have a full understanding of what the burdens of proof are, and they didn't have it in this case. I don't believe the fact that they didn't have it in this case meant that the jury did not have a full understanding of what the burden of proof was on the state. They only heard that it was the state's burden of proof. And that's what you hear in every case. Right. I mean, those instructions and the fact that the prosecution has the burden of proof are repeated throughout every jury instruction in every criminal trial. So if that's the case, I go back to my first question. What's the point of alibi defense in South Carolina such that they find it so important that it's reversible error not to give it if requested? There's no need for it then in your argument because that reasonable doubt instruction and the burden instruction is always, always given. Painfully given if you're at the prosecutor's table as I've been before myself. In response to that, Your Honor, I would just say that there could be cases where not having an alibi instruction given would be prejudicial. And why isn't this one of them? Because you have both the instruction that was given and if you look at the way that the case was prosecuted and how the evidence laid out at trial. I have looked at how the evidence laid out at trial. And the two defendants, one got a kidnapping defense drop. One said in his plea agreement that the guy didn't have a gun. Then when he got to trial, he said he did have a gun. Another one said he didn't have a gun when in fact his co-defendant said he did have a gun. They're all inconsistent. Nobody saw, they wore ski masks. Nobody can identify Mr. Hope or anybody really in this case. So that wasn't your strongest case you've ever had, was it? I don't know, you weren't trial counsel probably. Yeah, I wasn't trial counsel. So I would say that in looking at the evidence, when you also look at the fact that there was video and there was testimony from the witnesses while they couldn't identify Mr. Hope as being. The video, the state said nobody will identify Mr. Hope as being in that video. That's at JA-21. Because of the ski mask. Right. Because of the ski mask, because he's six feet tall and 250 pounds, and the witnesses all said this guy's 5'9", 5'10", medium build. With that, Your Honor, I would note that while the witnesses did say that, a lot of the fact that all three of the participants in the robbery did testify at trial, the jury did have the opportunity to see the sizes of Corey Spruill, who was the guy who admitted that he was the one that took the money and jumped over. But didn't admit he had a gun, even though the witnesses said he had a gun, and even though his co-defendant said he had a gun. So he must have been lying about at least one thing. He was lying about whether or not he had a gun. And maybe more. But if you look at the rest of his testimony, what implicates Mr. Hope, and what happened during the robbery, is all kind of corroborated both by the testimony of the other co-defendant, who was the getaway driver, and looking at the video. Because the video did show that one of the individuals who was of medium build did jump over the counter and take the money, and the other who was by the description of some of the other witnesses. Did the state argue at closing argument that that was Mr. Hope in the video? My recollection was they argued that it wasn't clear if it was him, but that the video corroborated what the general statement was. Why did the magistrate judge find that the video showed someone that looked remarkably similar to Petitioner? What do you make of that? I would, from that I would... And that the PCR court said that the videotape, quote, showed a person which very closely resembled Petitioner. Where does that come from? I would think that again goes to the idea that the jury would have had the opportunity to see the three perpetrators and make an assessment of whether or not they were consistent with the individuals that were in the video. Under EDPA, did we give deference to the PCR court's ruling on that finding? Yes, Your Honor. Unless the determination... That's the state court decision. Yes. Unless it's an unreasonable determination of the fact. Yes. And if it's not one of those, they've got to have a Supreme Court decision on the federal law issue, right? Yes. Is there any Supreme Court decision on the federal law? That would show that this would... No, Your Honor. Basically, looking at the PCR court, the court looked at the entirety of the situation and made an assessment of whether or not it believed the defendant was prejudiced by not receiving the alibi instruction and determined that... Where is there support in the record for the statement that the videotape showed a person which was very closely resembled Petitioner? Where is that? I believe that would really kind of... Did the prosecutor argue that in closing? To my recollection, no, the prosecutor did not argue that in closing. But that does not mean that the video itself did not show... Whoever was at a mask store, didn't he? Yes, Your Honor. Must be about the same size, maybe. That was, I believe, that was the argument that was pretty much given, was that the description of the person that was involved was similar to the size... Similar, similar, not closely resembled. The description that they gave, that the witnesses gave, was not consistent. One person said he was 5'9". This man is six feet tall and almost 250 pounds. 5'9 and medium build. The descriptions of the witnesses were not consistent with what the robbers looked like, which happens. In looking at the descriptions, they did describe the one that was holding the victims of the armed robbery as being a stock individual. Is the videotape in the record? I don't believe it's in the federal record. It being in the record and state court proceedings? Yes, Your Honor. We're looking at a question of prejudice here on habeas review. I'm just puzzling, if we aren't getting ourselves in the situation of saying that they either give an alibi witness... I'm asking you this now. Your take on this is almost always per se a violation. Or the alternative is not giving it when there's mutually exclusive facts can never be prejudice. It just seems to me that maybe that's two positions we're sort of looking at here from the two sides. You allowed, I thought you allowed, that perhaps not giving the alibi charge could be prejudice. When would that be? That would be in a situation where... And I would point to two South Carolina cases that have had this happen before. One was in Roseboro v. State and the other was in Riddle v. State. Where the situation... First, where the State's case is a weak case, circumstantial case. I believe that the South Carolina Supreme Court's opinions have consistently represented that. If it's a circumstantial case... I'm not talking about what they say about it. I'm talking about our review. Our review now on habeas, not direct. I'm asking on our review, when do we decide for federal purposes that there's prejudice? When would that be in a case... If you had a case set up just like this... You know, by the way, alibi evidence is offered in a lot of cases. A lot of cases. When on habeas do you think... Can you give me a scenario when you think on habeas review like we're in right now... There's alibi testimony offered but no charge. When might that be prejudicial? Enough for habeas relief. That's to re-implicate a constitutional claim of the Sixth Amendment claim. It has to be pulled through. Some way or another to connect up with the failure to get the instruction. The fact is you find an error in the State Court record doesn't give you habeas corpus relief. And the federal court doesn't. No, what's required is that... You've got to get a federal constitutional violation that satisfies the AEDPA requirement. Which hooks you back to the Sixth Amendment as I understand it. Yes, your honor. Which is the uphill battle. Yes, your honor. And to get back to what the judge said, to get back to your question... Would you all admit that there was a performance violation here? He should have requested it. He didn't do a good enough job. That he couldn't have done it. You've given up an argument that it was a trial tactic. He didn't do a good enough job. And the only question is whether there's only a second problem. But that's the second problem of the constitutional violation. Yes, your honor. And judge, to get back to your question regarding what kind of situation would need to be presented for... I guess prejudice to be found from this kind of ineffective assistance. The state would submit that it would require... Basically be a situation where not having the instruction would cause an issue in determining... What the burden was and whether or not the defendant had a burden of showing anything in regards to the alibi. Whether there was any kind of confusion in that or where the evidence of... Where that could have resulted in... No, I understand that generic answer. Can you think of a specific fact situation? I guess in looking at specific fact situations... And this is only referring to... I'm referring to the state cases just as an example. If, let's say, the state were to have argued that you can't consider alibi in closing argument. We can't consider the alibi evidence because the judge is not going to... If the judge doesn't give you an instruction where you're allowed to consider it, then that would be one situation. Or if it's a case where it may be all circumstances... No, no, no, no. That's a different situation. That's when it's denied. That's when... I mean, you charge... You give an incorrect charge. That's different than the failure to charge. That's a different situation. I'm wondering... I'm wondering... Do you think the other side is making an argument... that the failure to give an alibi charge is a structural error? In my interpretation of their argument, it goes more towards the idea that it's almost a structural error. That it's per se ineffective assistance. It's per se prejudice because of the failure to give the charge. And that's not how you analyze an ineffective assistance in counsel claim. What you do is you look at... You look at the trial as a whole and you make a determination whether or not the error that was made, in this particular case not requesting the alibi instruction, whether that would have made a difference in the result at trial. And a lot of the record in this case, the warden submits that had an alibi instruction been given, the result at trial would not have been different. We know in light of the evidence that was presented, it was essentially a swearing match. And the jury would have had, in finding the defendant guilty, they would have had to have rejected the alibi testimony that was given. Because if they believed in any of the alibi testimony, that would have provided a reasonable doubt that the defendant was able to have... would have been able to have committed the crimes here. But the jury did not find that. And again, looking at the instruction that was given, the court focused... But you know, but you know, that would... Now let's just talk about burden of proof and standard of review. But the argument you just made, you understand of course, that would be true on direct appeal too, for failure to give an alibi charge. Yes, Your Honor, because there is, in looking at an abuse of discretion on when a charge is not given, there is a question of if the failure to give that charge would result in whether there was prejudice in not receiving the charge. But you think the result is different because of our standard of review? I would say on direct appeal that the result could be different, and in South Carolina it would be different in light of the precedent, that in direct review, if an alibi charge is requested... It would be different on direct appeal. Correct. This is not direct appeal. This is in federal habeas, and this is... And it's already been through the state habeas process. So the state court decision that we're dealing with is the state collateral proceeding? Yes, Your Honor, and it's looking at it as an ineffective assistance of counsel claim. It looks at it under... And is there any case that you know of other than Strickland decided by the Supreme Court that we're dealing with here? That has dealt with this issue? No, Your Honor. It's just a Strickland case? Yes. Ineffective assistance of counsel? Yes, Your Honor. Okay. And in light of the instructions that were given at trial, in light of the evidence that was presented, and the argument that was presented at trial, we believe that the PCR court did not unreasonably apply federal law in denying relief on this claim, and because of that, we respectfully request that this court... Federal law as determined by the Supreme Court of the United States? Yes, Your Honor. Federal law as determined by the United States Supreme Court. As a result, we respectfully request that this court affirm the district court's order granting summary judgment in this case. Unless there are any other questions, we'll see the remainder of my time. Thank you. Thank you very much, Mr. Simon. We appreciate it. Mr. Kasdan, may I please report? I just have five points. The first point is we are not arguing it's structural error. We're arguing, for example, in Ford, this is a state court case, there was DNA evidence putting the defendant at the scene of the crime. It seems to me where there's overwhelming evidence of guilt, then we understand that even if there's a little bit of a mistake, the alibi instruction would not change anything. It's only where we can, where Your Honors or the courts can tell that there's objectively a case that could have gone in the jury's favor where you start really having to question whether the jury really understood what they were deciding. Relatedly, you were asking which courts, which Supreme Court decisions there are. Well, there are two. There's Strickland, which as Your Honor knows under Panetti and other cases, does not, you don't have to wait for exactly those facts. And this court in Levy-Clark said you got some of a heat of passion instruction, but you didn't get the full heat of passion. Our case is not the Supreme Court. No, I understand. I'm saying this court's... But it has to be Supreme Court decision. I understand. I'm just saying this court's application of Strickland under AEDPA, which is stare decisis. It has to be Strickland. But it has to be Strickland. The other one is Taylor v. Kentucky where the Supreme Court said presumption of innocence and reasonable doubt are redundant instructions and still the jury needs to get a specific presumption of innocence instruction because they may not understand the nuances of the law, even if lawyers would. And that is a Supreme Court case about the importance of even somewhat redundant instructions. And so, which is what's heavily relied on in Levy-Clark, finding AEDPA error under Strickland for an omission of instruction. The third point, just to answer Judge Thacker's question, I believe the video was not mentioned in closing at all. It never came up. And relatedly, the PCR court didn't see the video. So while we can defer to... It did not see the video. No. The video was not in front of the PCR court. What the PCR court heard testimony from the trial counsel, but that we have in the record. There was no point in the proceedings where there's a video played. Well, was the video in the record in the PCR court? I didn't... To my knowledge, no, but I may have that mistaken. I can double check. Well, if it's in the record, you don't know what the video... No, it wasn't in the record that we received. Well, was it in the record of the PCR court? That's the state court... Right, no, I don't know the answer to that for sure. But if it's in the record, you're hard put to say the court didn't see it. Right, but he never mentioned seeing it. And when he talks about what's in the video, he quotes the testimony, not his own impression from seeing the video. So the video wasn't played at the hearing before the PCR court? No, the record of the transcript does not have any... Well, the judge could have looked at it in his office. It's possible. He was writing the opinion. Just like you're reading the transcript. That's certainly possible, but then he also still didn't mention it when he's writing about the video. And even that he doesn't mention in the statement of facts. That's sort of just brief background. That's the decision we have to give deference to. Yes, Your Honor. It's a PCR court decision. That's correct. We defer to it. That's right. That's right. Then in terms of just the... It wasn't just that the statements of the government's witnesses were inconsistent. In terms of the weight, one person described it as a stocky build. Another one described him as 180 pounds. That's a huge difference from a 250 pound person. So to me, the state's evidence really... The point is, if I understand the government's case, and I understand that you can imagine cases where the lawyers say something that barely ever gets said, and then maybe in that case you would say prejudice. But basically in every alibi case, if you're saying the reasonable boilerplate reasonable doubt instructions cover it, then there's never going to be prejudice, which is the state's position, which we disagree with. But I think that we're for sure not arguing for per se. We're arguing look at the facts, decide how close the case was. Lastly, the state said... What did the state... By the way, I would note, I don't think you're correct on that. The state said there could be prejudice. I pressed him on that because I thought maybe the response would be what you said, but that's not what... As I remember it, the state said there still could be prejudice. The example the state gave was if, for example, the attorney said you can only take instructions that the judge gave you. That actually happened in this case. At 848 and at 8278 to 279, the state court judge said I am the arbiter of the law, and the prosecutor at 8265 said you'll get your instructions from... I don't have the quote quite on hand, but you'll get the instructions from that man up there pointing to the judge. So that actually did happen. So if there is the case that the state admits to, then this is the case. I see I'm out of time. Go ahead and finish your answer. No, that was it, sir. It seems to me that the state is either going to have to say that it's per se never going to be habeas reversible error, or the state is going to say that if there is some case, but this is about as close a case as you can ever have where instructions will matter. When you first stood up, you said you had five points on rebuttal. Have you mentioned all five? I've mentioned all five. All right. Thank you, Your Honor. Now, I say that you are court appointed. Yes, Your Honor. And let me tell you, we really appreciate your work here.  It's my privilege. And you're to be commended for it. You did a great job. Thank you very much. We'll come down in Greek Council, and then we'll adjourn court for the day. Thank you. Until tomorrow morning. Thank you very much.
judges: Robert B. King, Dennis W. Shedd, Stephanie D. Thacker